IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS
OCT 21 2013
BY _____ DEPUTY

| | | |
|---|---|---|
| **David E Mack** § | | |
| *Plaintiff,* § | Case No. 4:13cv615 | |
| § | | |
| vs § | | |
| § | | |
| **IC SYSTEM, INC.** § | Judge ---------------------------- | |
| *Defendant.* § | | |
| § | **TRIAL BY JURY DEMANDED** | |

## ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

### NATURE OF THE ACTION

1. This is an action for damages brought by an individual plaintiff for Defendant's violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (FDCPA) and for damages for Defendant's violations of the Telephone Consumer Protection Act 47 U.S.C. § 227 (TCPA) / Texas Business Code Ann. § 305.053. Plaintiff seeks to recover monetary damages for Defendant's violations of the FDCPA, and TCPA / Texas Business Code Ann.

### JURISDICTION

1. This court has jurisdiction under 15 U.S.C. § 1692k(d), 28 U.S.C § 1331.

### PARTIES

2. The Plaintiff in this lawsuit is David E Mack ("Plaintiff"), a natural person, who resides in Collin County, Texas.

3. Defendant IC SYSTEM, INC. (IC) is a debt collection company with offices located at 444 Highway 96E, St. Paul, MN 55127, who at all relevant times was engaged, by the use of the mail and telephone, in the business of attempting to collect a "debt" as defined by 15 U.S.C. § 1692a(5).

4. IC is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

5. IC is in the business of collecting consumer debts using the mails and telephone and regularly collects, or attempts to collect, consumer debts owed, or alleged to be owed, to another person.

## VENUE

6. The occurrences which give rise to this action occurred in Collin County, Texas and Plaintiff resides in Collin County.

7. Venue is proper in the Eastern District of Texas Sherman Division.

## FACTUAL ALLEGATIONS

8. On July 25, 2013 Plaintiff received a phone call to his wireless phone number 313-421-1887 at 3:36 PM which originated from 307-316-7521. Said number is a number known to be used by IC in their debt collection operations.

9. At no time has the Plaintiff given his express consent, written or otherwise, to IC to call his wireless phone number.

10. When the phone rang the Plaintiff was in another room and when he attempted to answer the phone the calling party had disconnected the call.

11. The call was placed using equipment with automatic telephone dialing system capabilities and the caller hung up before the Plaintiff could make it to and answer the phone. The caller failed to make any disclosure of who was calling the Plaintiff or to identify the purpose of

the call. Defendant's harassing and abusive actions and/or its failure to disclose the identity or purpose of its call were a violation of 15 U.S.C. § 1692d and/or § 1692d(6). Calling the Plaintiff's wireless phone number using automatic telephone dialing system capable equipment without Plaintiff's express consent was a violation of the TCPA/Texas Business Code Ann. § 305.053.

12. On September 3, 2013 Plaintiff sent a Notice of Intent to Litigate (*See* Exhibit 1) to the Defendant which was received by it on September 6, 2013 according to USPS records. A request was made of the Defendant to contact the Plaintiff to mitigate damages and discuss a settlement of the damages articulated in the notice.

13. On October 14, 2013 Plaintiff received a response from the Defendant dated **September 7, 2013** (*See* Exhibit 2) which stated in part "Please accept this letter as confirmation your account has been withdrawn from our files." It also stated the Defendant would request any information their office may have forwarded to the credit reporting agencies regarding the account be deleted or removed from their records. The response failed to address the subject of the phone call made to the Plaintiff's wireless phone in any manner.

14. On October 13, 2013 Plaintiff received a phone call to his wireless phone number 313-421-1887 at **7:59 AM** which originated from 202-870-5891. Said number is a number known to be used by IC in their debt collection operations. **Said phone call was made after the Defendant had already received notice from the Plaintiff that it was calling a number that it had no express consent to call and the Defendant, in its response, had stated it was removing the alleged account associated with the calls from its files.**

15. When the wireless phone rang the Plaintiff was on a different phone and attempted to answer the wireless call only to find the calling party had hung up when he answered.

16. The call by IC was placed using equipment with automatic telephone dialing system capabilities and the caller hung up before the Plaintiff could answer the call. The caller failed to identify who was calling the Plaintiff or to identify the purpose of the call. Defendant's harassing and abusive actions and/or its failure to disclose the identity or purpose of its call were a violation of 15 U.S.C. § 1692d and/or § 1692d(6). Calling the Plaintiff's wireless phone attempting to collect a debt before 8:00 AM was a violation of 15 U.S.C. § 1692c(a)(1). Calling the Plaintiff's wireless phone number using automatic telephone dialing system capable equipment without Plaintiff's express consent was a violation of the TCPA/Texas Business Code Ann. § 305.053.

17. On October 14, 2013 Plaintiff received a phone call to his wireless phone number 313-421-1887 at **7:46 AM** which originated from 202-870-5891. Said number is a number known to be used by IC in their debt collection operations. **Said phone call was made after the Defendant had already received notice from the Plaintiff that it was calling a number that it had no express consent to call and the Defendant, in its response, had stated it was removing the alleged account associated with the calls from its files.**

18. When the wireless phone rang the Plaintiff had just placed a call on a different phone and attempted to answer the wireless call only to find the calling party had again hung up when he answered.

19. The call by IC was placed using equipment with automatic telephone dialing system capabilities and the caller hung up before the Plaintiff could answer the call. The caller failed to identify who was calling the Plaintiff or to identify the purpose of the call. Defendant's harassing and abusive actions and/or its failure to disclose the identity or purpose of its call were a violation of 15 U.S.C. § 1692d and/or § 1692d(6). Calling the

Plaintiff's wireless phone attempting to collect a debt before 8:00 AM was a violation of 15 U.S.C. § 1692c(a)(1). Calling the Plaintiff's wireless phone number using automatic telephone dialing system capable equipment without Plaintiff's express consent was a violation of the TCPA/Texas Business Code Ann. § 305.053.

20. 15 U.S.C. § 1692d(6) states in part:

### 15 U.S.C. § 1692d - Harassment or Abuse

A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(6) Except as provided in section 1692b of this title, the placement of telephone calls without meaningful disclosure of the caller's identity.

21. 15 U.S.C. § 1692c(a)(1) states in part:

### 15 U.S.C. § 1692c – Prohibited Communication Practices

Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt-

(1) at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer. In the absence of knowledge of circumstances to the contrary, a debt collector shall assume that the convenient time for communicating with a consumer is after 8 o'clock antemeridian and before 9 o'clock postmeridian, local time at the consumer's location.

22. Texas Business Code Annotated § 305.053 states in part:

### TEXAS BUSINESS CODE ANNOTATED § 305.053

(a) A person who receives a communication that violates 47 U.S.C. Section 227, a regulation adopted under that provision, or Subchapter A may bring an action in this state against the person who originates the communication for:

(1) an injunction;

(2) damages in the amount provided by this section; or

(3) both an injunction and damages.

**(b) A plaintiff who prevails in an action for damages under this section is entitled to the greater of:**

**(1) $500 for each violation**; or

(2) the plaintiff's actual damages.

**(c) If the court finds that the defendant committed the violation knowingly or intentionally, the court may increase the amount of the award of damages under Subsection (b) to not more than the greater of:**

**(1) $1,500 for each violation**; or

(2) three times the plaintiff's actual damages.

## COUNT I

## VIOLATIONS OF THE FDCPA

23. Plaintiff repeats and re-alleges each and every allegation stated above.

24. Defendants' aforementioned conduct violated the FDCPA.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a. Adjudging that Defendant violated the FDCPA.

    b. Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000;

    c. Awarding Plaintiff any attorney's fees and costs incurred in this action;

    d. Awarding Plaintiff post-judgment interest as may be allowed under the law;

    e. Awarding such other and further relief as the Court may deem just and proper.

## COUNT II

## VIOLATIONS OF THE TCPA/TEXAS BUSINESS CODE ANNOTATED § 305.053

25. Plaintiff repeats and re-alleges each and every allegation stated above.

26. Defendant's aforementioned conduct violated the TCPA, 47 U.S.C. § 227 / Texas Business Code Annotated § 305.053.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a. Adjudging that Defendant violated the TCPA/Texas Business Code Ann. § 305.053.

b. Awarding Plaintiff statutory damages, pursuant to Texas Business Code Ann. § 305.053 in the amount of $500 for the first call made to Plaintiff and $1500 each for the second and third calls made to the Plaintiff which **were intentional and knowing violations of the code after Defendant had been noticed of the violation after the first call made a month earlier** to the Plaintiff's wireless phone.

c. Awarding Plaintiff any attorney's fees and costs incurred in this action;

d. Awarding Plaintiff any post-judgment interest as may be allowed under the law;

e. Awarding such other and further relief as the Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Dated: October 21, 2013

Respectfully Submitted,

_David E. Mack_
David E. Mack
7720 McCallum Blvd. #2099
Dallas, Texas 75252
972-735-9642