IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| DAVID E. MACK, | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CAUSE NO. 4:13-CV-615 |
| | § | |
| I.C. SYSTEM, INC., | § | |
| Defendant. | § | |

**DEFENDANT I.C. SYSTEM, INC.'S MOTION FOR SUMMARY JUDGMENT**

COMES NOW, Defendant I.C. System, Inc. (hereafter "I.C. System"), by and through the undersigned counsel, files its Motion for Summary Judgment and to respectfully show unto the Court as follows:

**I.**

**BACKGROUND FACTS**

1. Plaintiff filed his Original Complaint in this case on October 21, 2013. Docket Number (Doc. No.) 1. The Complaint alleges that I.C. System violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (the "FDCPA"), and the Telephone Consumer Protection Act, 47 U.S.C. 227 *et seq.* (the "TCPA"). *Id*. at 1. The Complaint alleges that I.C. System had repeatedly called Plaintiff in an effort to collect upon a debt, and engaged in such debt collection practices as to violate the FDCPA and TCPA. *Id*. He claims that I.C. System debt collection methods constituted harassment and abuse. *Id*. Further, he alleges that I.C. System utilized an automatic telephone dialing system ("ATDS") and thus, violated the TCPA. *Id*. at 4-5.

2. Plaintiff is seeking to recover statutory damages and his attorney's fees and costs associated with this litigation. *Id*. at 6-7. He is alleging that the above prohibited debt collection calls were made to his wireless phone number 313-421-1887. *Id*. at 3. However, I.C. System

has no record of any telephone calls made to this purported number and has no account with this telephone number. Defendant's Appendix ("Def. App.") at 2. I.C. System never dialed the purported number and, as such, never engaged in the prohibited debt collection activities that Plaintiff alleges in his Complaint. Def. App. at 2. I.C. System now moves for this Court to render judgment on Plaintiff's FDCPA and TDCA claims and grant I.C. System's Motion for Summary Judgment.

## II.

## SUMMARY JUDGMENT STANDARD

3. The purpose of summary judgment is to pierce the pleadings and to assess the proof to determine whether there is a genuine need for trial. *Matsushita Elec. Ind. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356 (1986). Additionally, a motion for summary judgment serves to isolate and dispose of factually unsupported claims or defenses. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24, 106 S.Ct. 2548, 2553 (1986). A finding for summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also, Celotex*, 477 U.S. at 372. When a defendant moves for summary judgment, it may either (a) submit summary judgment evidence negating the existence of a material element of the plaintiff's claim, or (b) show there is no evidence to support an essential element of the plaintiff's claim. *Celotex*, 477 U.S. at 322-25. Thus, the movant may identify areas essential to the non-movant's claim in which there is an "absence of a genuine issue of material fact." *See Lincoln Gen. Ins. Co. v. Reyna*, 401 F.3d 347, 349 (5th Cir. 2005). This can be done by pointing

out "the absence of evidence supporting the nonmoving party's case." *Duffy v. Leading Edge Products, Inc.*, 44 F.3d 308, 312 (5th Cir. 1995).

4. If the movant meets this initial burden, the non-movant then must introduce evidence establishing that there is a genuine issue of material fact. *Matsushita*, 475 U.S. at 585-86. In making the decision whether a fact issue exists, the facts and inferences to be drawn from them must be reviewed in the light most favorable to the nonmoving party. *Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable Co.*, 336 F.3d 410, 412 (5th Cir. 2003).

### III.

### ARGUMENT AND AUTHORITIES

A. **Plaintiff's FDCPA Claims Fail as a Matter of Law**

    a.     *15 U.S.C. § 1692d and 15 U.S.C. § 1692d(5)*

5. Plaintiff claims that I.C. System violated the FDCPA by engaging in harassing and abusive actions. Doc. No. 1 at 5. His allegations state that I.C. System would call Plaintiff and "hang up before [Plaintiff] could answer the call." *Id.* at 4. In his Complaint, Plaintiff alleges that these alleged telephone calls occurred only three times—July 25, 2013, October 13, 2013, and October 14, 2013. *Id.* at ¶¶ 8, 14, and 17. As a result of these alleged calls and subsequent hang ups, Plaintiff claims that these actions constitute violations of the FDCPA. Although not specifically stated in his Complaint, a fair reading of his pleadings would suggest that he is seeking to recover under 15 U.S.C. § 1692d(5) as well, which allows recovery for "causing a telephone to ring or engage any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse, or harass any person at the called number."

6. Plaintiff's arguments are grossly inadequate and he fails to produce any evidence supporting his baseless allegations. First, I.C. System's records indicate that it has never called,

or attempted to call, Plaintiff's purported number of (313) 421-1887. <u>Def. App.</u> at 2. I.C. System keeps a detailed record of every outgoing and incoming telephone call it makes. <u>Def. App.</u> at 1. I.C. System searched its account notes and found no record of ever calling the telephone number provided by Plaintiff. <u>Def. App.</u> at 2. As such, this is substantial evidence to show that there was never any telephone call to Plaintiff's cell phone nor was there ever any attempt. Further, Plaintiff has no legitimate evidence supporting his claims that a telephone call was placed. Because Plaintiff has failed to carry his burden to survive summary judgment and has no legitimate evidence supporting that a call was actually made, this Court should render judgment on Plaintiff's FDCPA claims.

7. Second, in the alternative, even if a call or attempted call was made to Plaintiff, he fails to demonstrate that the alleged actions constitute harassment and abuse. In order for Plaintiff's FDCPA claims to be successful, Plaintiff must prove more than just the fact that calls were made. To prove a claim under §§ 1692d, a plaintiff must show that the alleged calls were made *with the intent* to annoy, abuse, or harass. *See Gorman v. Wolpoff & Abramson, LLP*, 435 F. Supp. 2d 1004, 1012 (N.D. Cal. 2006), *rev'd on other grounds*, 584 F.3d 1147 (9th Cir. 2009) [emphasis added]. "Ordinarily, whether conduct harasses, oppresses, or abuses will be a question for the jury." *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1179 (11th Cir. 1985). However, courts may resolve the question as a matter of law in appropriate cases. *Jeter*, 760 F.2d at 1179-80; *see Arteaga v. Asset Acceptance, LLC*, No. CV-F-09-1860 LJO GSA, 2010 WL 3310259, at *5 (C.D. Cal. Aug. 23, 2010) ("Although there is no bright-line rule, certain conduct generally is found to either constitute harassment, or raise an issue of fact as to whether the conduct constitutes harassment, while other conduct fails to establish harassment as a matter of law.").

8. "In determining liability under § 1692d(5), courts often consider the volume and pattern of calls made to the debtor."[1] *Krapf v. Nationwide Credit, Inc.*, No. SACV 09-00711 JVS (MLGx), 2010 WL 2025323, 2010 U.S. Dist. LEXIS 57849 *6-8 (C.D. Cal. May 21, 2010). However, courts have found that "daily" calls, unaccompanied by other egregious conduct, is insufficient to raise a triable issue of fact for the jury. *Waite v. Financial Recovery Services, Inc.*, No. 8:09-cv-02336-T-33AEP (M.D. Fla. Dec. 16, 2010). For example, "a debt collector does not necessarily engage in harassment by placing one or two unanswered calls in an unsuccessful effort to reach the debtor, if this effort is unaccompanied by any oppressive conduct such as threatening messages." *Saltzman v. I.C. Sys., Inc.*, No. 09-10096, 2009 WL 3190359, at *7 (E.D. Mich. Sept. 30, 2009). Also, "daily" or "nearly daily" phone calls alone fail to raise an issue of fact for a jury to determine whether the conduct violates § 1692d and § 1692d(5). *See Arteaga*, 2010 WL 3310259, at *16. Finally, while calling 57 times over a 20-day period appeared "somewhat high," defendant's conduct still failed to constitute a violation of § 1692d(5) as a matter of law where defendant left a total of six messages, made no more than seven calls in a single day, did not call back the same day after leaving a message, and did not repeatedly make calls after it was asked to cease. *See Tucker v. CBE Group, Inc.*, 710 F. Supp. 2d 1301, 1305 (M.D. Fla. 2010); *see Katz v. Capital One*, No. 1:09-cv-1059 (LMB/TRJ), 2010 WL 1039850, at *3 (E.D. Va. Mar. 18, 2010).

9. Additionally, "A high volume of unanswered calls without any prior records of substantive conversations between Plaintiff and Defendant tends to suggest a difficulty in

---

[1] "Courts have held that '[w]hether there is actionable harassment or annoyance turns not only on the volume of calls made, but also on the pattern of calls.'" *Brandt v. I.C. Sys., Inc.*, No. 8:09-cv-126-T-26MAP, 2010 WL 582051, at *2 (M.D. Fla. Feb. 19, 2010) (quoting *Akalwadi v. Risk Mgmt. Alternatives, Inc.*, 336 F. Supp. 2d 492, 505 (D. Md. 2004)).

reaching Plaintiff rather than an intent to harass."[2] S*ee Saltzman*, 2009 WL 3190359, at *67- & n. 4 ("the significant disparity between the number of telephone calls placed by Defendant and the number of actual successful conversations with Plaintiff…suggests a 'difficulty of reaching Plaintiff, rather than an intent to harass.'") (quoting *Millsap v. CCB Credit Servs., Inc.*, No. 07-11915, slip op. at 17 (E.D. Mich. Sept. 30, 2008).

10.     In order to determine whether I.C. System made its telephone calls with the intent to annoy, abuse or harass Plaintiff in the present case, the Court must consider not only the volume of calls made, but also the pattern of those calls, and whether I.C. System engaged in any egregious behavior. I.C. System did not place any telephone calls to Plaintiff for the purposes of harassment. Def. App. at 2.

11.     As stated earlier, I.C. System never called Plaintiff or attempted to call Plaintiff. Def. App. at 2. In the alternative, even if the facts that Plaintiff pleads in his Complaint are true, I.C. System's actions did not violate the FDCPA §1692d as a matter of law. Per Plaintiff's Complaint, I.C. System only allegedly contacted Plaintiff three times, all on separate days. Doc. No. 1 at ¶¶ 8, 14, and 17. These calls were not coupled with any egregious conduct. Similar to the *Millsap* case, the alleged telephone calls could suggest a difficulty of reaching Plaintiff, rather than an intent to harass. *Millsap v. CCB Credit Servs., Inc.*, No. 07-11915, slip op. at 17 (E.D. Mich. Sept. 30, 2008).

12.     Further, Plaintiff has no evidence, besides baseless allegations, that I.C. System dialed Plaintiff and hung up before he could answer *with the intent* to annoy, abuse, or harass Plaintiff. Plaintiff's only support for his allegations is his own conclusion that because these calls were made, I.C. System had the intent to annoy, abuse, or harass Plaintiff. He has put forth no

---

[2] *See Gorman v. Wolpoff & Abramson, LLP,* 435 F. Supp. 2d 1004, 1012 (N.D. Cal. 2006), *rev'd on other grounds*, 584 F.3d 1147 (9th Cir. 2009) (a plaintiff must show that the repeated calls were made with the intent to annoy, abuse, or harass, as "Congress did not intend the FDCPA to completely bar any debt collection calls.").

evidence of any egregious behavior or any demonstration that I.C. System had the intent to annoy, abuse, or harass him. Because Plaintiff fails to put forth any legitimate evidence supporting his allegations, this Court should render judgment on his FDCPA claims, and grant I.C. System's Motion for Summary Judgment.

        b.       *15 U.S.C.§ 1692d(6)*

13.    Plaintiff alleges that I.C. System violated FDCPA § 1692d(6), which makes it a violation to make "the placement of telephone calls without meaningful disclosure of the caller's identity." As stated earlier, I.C. System, according to its records, never called 313-421-1887, nor did it ever attempt to call that number. <u>Def. App.</u> at 2. Because there was no "placement of telephone calls," there can be no violation. As such, this Court should grant I.C. System's Motion for Summary Judgment on Plaintiff's FDCPA § 1692d(6) claims.

14.    Further, Plaintiff has put forth no legitimate evidence that any of the disputed calls took place. Plaintiff admits in his Complaint that he was unable to answer the telephone. <u>Doc. No. 1</u> at 4. He never spoke with anyone from the alleged number, and therefore has no evidence of who the call was actually from. He has failed to put forth any evidence or precedence that demonstrates a violation can occur of this FDCPA provision without Plaintiff even answering the phone. It would have been impossible for anyone to provide "meaningful disclosure of the caller's identity," without Plaintiff actually answering his telephone. Surely, such a standard is outside the spirit and purpose of the FDCPA.

15.    In the present case, Plaintiff's claims under § 1692d(6) are based on his telephone ringing and a debt collector hanging up before he can answer. His argument is that because the debt collector hung up before he could answer, it did not provide a meaningful disclosure of the debt collector's identity. Under the FDCPA, there is no requirement that a message be left after each

call. *See Waite v. Financial Recovery Services, Inc.*, 2010 WL 5209350, *5, n. 9 (M.D. Fla. 2010). When read in isolation, section 1692d(6) does not specify whether a debt collector who calls a consumer must leave a message when the consumer does not answer. *Id*. When this provision, however, is read in conjunction with the entirety of section 1692d, it is clear that not leaving a message is not the type of harassing, oppressive, or abusive conduct that violates the statute. *Id*. Because Plaintiff does not claim that he answered the call or that he had any sort of live conversation with a collection representative, and because failure to leave messages disclosing the identity of the caller does not, as a matter of law, violate the FDCA, this Court should render judgment on Plaintiff's claims.

   c.  15 U.S.C. § 1692c(a)(1)

16. Plaintiff alleges that I.C. System violated 15 U.S.C. § 1692c(a)(1), which states:

> [A] debt collector may not communicate with a consumer in connection with the collection of any debt
> (1) at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer. In the absence of knowledge of circumstances to the contrary, a debt collect shall assume that the convenient time for communicating with a consumer is after 8 o'clock antemeridian and before 9 o'clock postmeridian, local time at the consumer's location.

17. As stated *supra*, according to I.C. System's records, it never contacted or attempted to contact 313-421-1887. <u>Def. App.</u> at 2. Because I.C. System never called Plaintiff's purported number, it never "communicated with Plaintiff outside any unusual time or place known or which should have been known to be inconvenient to the consumer." As such, this Court should render judgment on Plaintiff's FDCPA § 1692c(a)(1) claim.

18. Plaintiff has failed to provide any legitimate evidence that I.C. System contacted 313-421-1887, or that such contact occurred at an unusual time or place. Plaintiff alleges that two of the telephone calls coming from 202-870-5891 occurred prior to the 8:00 a.m. assumed

convenient time to call for debt collectors. He alleges that on October 13, 2013, he received a call at 7:59 and on October 14, 2013, he received a call at 7:46 a.m. Doc. No. 1 at 3-4. However, he puts forth no legitimate evidence that these calls occurred and that they originated from I.C. System. Throughout the course of discovery, Plaintiff provided screen shots of his telephone. Def. App. at 4-10, 12-15. However, these screen shots are inconclusive and fail to properly identify the originator of the call. Additionally, these screen shots have not been validated and because Plaintiff did not actually speak with the person making the call, he has no evidence as to the identity of the caller. He has failed to provide any phone records or reliable evidence that I.C. System was the originator of the phone calls. Because Plaintiff puts forth no legitimate evidence surrounding the existence of the call, the origination of the call, or the time of the call, besides his own unsupported statements, this Court should render judgment on his FDCPA § 1692c(a)(1) claim.

**B.    Plaintiff's Telephone Consumer Protection Act Claims Does Not Survive Summary Judgment.**

19.    Plaintiff's alleged cause of action under the TCPA states the following:

It shall be unlawful…to *make any call* (other than a call…made with the prior express consent of the called party) *using any automatic telephone dialing system or an artificial or prerecorded voice*…to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call.

*See* 47 U.S.C. § 227(b)(1)(A)(iii). The definitions used in this section are very pertinent to the validity of Plaintiff's cause of action:

(a) Definitions

As used in this section—

> (1) The term "automatic telephone dialing system" means equipment which has the capacity—
>
> (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and
>
> (B) to dial such numbers

47 U.S.C. § 227(a)(1).

### 1. I.C. System Did Not Make Any Calls to Plaintiff

20. In order for there to be a violation of the TCPA, there has to be a call made. 47 U.S.C. § 227(b)(1)(A)(iii). There is no violation of the TCPA if I.C. System did not "make any call" to Plaintiff. I.C. System keeps detailed records of each and every call it makes. Def. App. at 1. I.C. System ran a query in its records and shows no results for the number 313-421-1887. Def. App. at 2. Because there is no record of the number provided and because I.C. System keeps detailed records of every telephone call it makes, I.C. System never made a telephone call to Plaintiff. Because I.C. System never made a call to 313-421-1887, there can be no violation of the TCPA. Further, Plaintiff has not put forth any legitimate evidence that such a call occurred. The screen shots that have been provided are unreliable and have not been validated. Further, Plaintiff did not speak with the originator of the call and has no evidence that the call actually came from I.C. System. As such, Plaintiff's TCPA claim fails to survive summary judgment and this Court should grant I.C. System's Motion to render judgment on his claims.

### 2. I.C. System's Alleged Calls Do Not Give Rise To A TCPA Claim

21. The two types of calls regulated by the TCPA which are relevant to debt collection are calls made to cellular telephones and calls made to residential lines.[3] First, the TCPA exempts

---

[3] This is, of course, if the TCPA even applies to debt collection calls in the first place, a position I.C. System contests.

debt collections calls to residential telephone numbers from its coverage.[4] Thus, arguably only debt collection calls to cell phones are covered by the statute. Section 227(b)(1)(A) prohibits any calls, other than those for emergency purposes or with the prior express consent of the called party, "using any automatic telephone dialing system or an artificial or prerecorded voice…to any telephone number assigned to a…cellular telephone service." See 47 U.S.C. § 227(b)(1)(A). The TCPA defines an ATDS as "equipment which has the capacity (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." *See* 47 U.S.C. § 227(a)(1).

    a.  *I.C. System Does Not Employ an ATDS*

22. Congress's definition of ATDS specifically separates the origin of the telephone numbers and the dialing of the numbers into two sections. *See* 47 U.S.C. § 227(a)(1)(A) & (B). The first section states that an ATDS is "equipment which has the capacity (A) to store or produce telephone numbers to be called, using a random or sequential number generator." 47 U.S.C. § 227(a)(1)(A). A simple inspection of this section reveals that the phrase "using a random or sequential number generator" modifies the previous phrase, explaining the origin of the "store[d] or produce[d]" telephone numbers. "Generate," from which the word "generator" is derived, means "to bring into existence" or "to be the cause of." *See* "Generate," Merriam-Webster Online Dictionary (2010), http://www.merriam-webster.com/dictionary/generates. This means that the telephone numbers that an ATDS has the capacity to store or produce are those brought

---

[4] Section 227(b)(1)(B) prohibits the initiation of telephone calls to residential lines using an artificial or prerecorded voice without the prior express consent of the called party, unless it is made for emergency purposes or is exempted by the FCC. In its regulations promulgated pursuant to the TCPA, the FCC exempts, from § 227(b)(1)(B), telephone calls made for commercial purposes that do not include or introduce an unsolicited advertisement or constitute a telephone solicitation. *See* 47 C.F.R. § 64.1200(a)(2)(iii). The TCPA defines "unsolicited advertisements" as "any material advertising the commercial availability or quality of any property, goods, or services…" and defines "telephone solicitations" as "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services…" 47 U.S.C. § 227(a)(4)-(5). Debt collection calls fall within this exemption because they are commercial calls that do not advertise or offer to sell goods or services. Therefore, debt collection calls to residential lines are not prohibited.

into existence, caused, or created randomly or sequentially by the ATDS. This does not include a list of telephone numbers derived from debtors' account notes.

23. Congress made its intent clear in the language that it used in defining what constituted an ATDS. It prohibited randomly- or sequentially-generating telephone numbers presumably because calling arbitrarily-dialed numbers is more likely to result in calls to emergency facilities, hospital rooms, and wireless telephones than calls made to a predetermined, preprogrammed list of customers, consumers, or debtors. The TCPA's prohibition does not apply to randomly-*dialed* calls from a list of numbers, but to randomly-*generated* numbers. Thus, calling a predetermined list of debtors cannot fulfill the ATDS requirement under § 227(b)(1)(A). By not prohibiting calls to a preset list of telephone numbers and by exempting commercial calls that do not contain a telephone solicitation or unsolicited advertisement,[5] the TCPA does not apply to these types of debt collection calls.

24. In order for Plaintiff to survive summary judgment on his TCPA claim, he must establish that there is a genuine issue of material fact with regard to whether or not I.C. System utilizes an ATDS. Plaintiff has no evidence to support his baseless allegations that I.C. System employs such a device. Plaintiff has put forth no evidence that I.C. System's equipment had the requisite capacity "to store or produce telephone numbers to be called, using a random or sequential number generator." *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 951 (9th Cir. 2009). I.C. System does not employ an ATDS and it does not utilize a system with the requisite capacity to store or produce telephone numbers to be called, using a random or sequential number generator. Def. App. at 2. I.C. System contacts numbers listed in its account notes, as opposed to the randomly generated numbers which the TCPA clearly sought to deter. Def. App. at 2. Plaintiff must prove that I.C. System used a dialing system that randomly generated their cell

phone number and that they received these phone calls. Because Plaintiff has failed to put forth even an indicia of evidence establishing that Plaintiff utilizes an ATDS, or that the calls received originated from I.C. System, his claim for relief under the TCPA does not survive summary judgment. As such, this Court should grant I.C. System's Motion.

                b.     *I.C. System Did Not Use an Artificial or Prerecorded Voice*

25.    The only remaining type of debt collection call that could possibly violate the TCPA is one that uses an artificial or prerecorded voice and is made to one of the prohibited destinations under § 227(b)(1)(A). Plaintiff, in the present case, never alleges that I.C. System used an artificial or prerecorded voice. Doc. No. 1. He states in his Complaint that the alleged caller would hang up before he had a chance to speak with them. *Id*. at 3-4. He makes no mention of hearing or speaking with an artificial or prerecorded voice.

26.    As stated earlier, I.C. System never called the number provided by Plaintiff. Def. App. at 2. Further, I.C. System does utilize an artificial or prerecorded voice in collecting its debts. Def. App. at 2. Because Plaintiff has no evidence, or even makes factual allegations, that an artificial or prerecorded voice was used, his TCPA claim fails to survive summary judgment.

**C.**    **Plaintiff is Not Allowed to Recover Attorney's Fees because He is Pro Se**

27.    Plaintiff is seeking to recover his attorney's fees as a part of his damages. A pro se litigant, even if an attorney, is not entitled to attorney fees. See, e.g., *Kay v. Ehrler*, 499 U.S. 432, 438 (1991) (attorney pro se P); *White v. Armontrout*, 29 F.3d 357, 361 (8th Cir. 1994) (nonattorney pro se P). Because Plaintiff is pro se, he is not entitled to recover his attorney's fees. As such, his claim for attorney's fees should not survive summary judgment.

## IV.

## CONCLUSION

28.     Plaintiff fails to provide any evidence creating a genuine issue of material fact that Southwest violated the FDCPA or the TCPA.  I.C. System's account notes indicate that I.C. System never made any call made to 313-421-1887.  <u>Def. App.</u> at 2.  Further, I.C. System does not employ the use of an ATDS, and Plaintiff has failed to put forth any evidence to rebut this fact.

29.     Because Plaintiff has no legitimate evidence to support any of his claims for a TCPA or FDCPA violation, this Court should render judgment and grant I.C. System's Motion for Summary Judgment.  Even if Plaintiff's Complaint is assumed true, his factual allegations do not give rise to a FDCPA statutory violation.  Three missed calls do not constitute level of harassment or abuse required for an FDCPA violation.  As such, this Court should render judgment on Plaintiff's claims.

WHEREFORE PREMISES CONSIDERED, I.C. System, Inc. respectfully requests that the Court Grant its Motion for Summary Judgment in its entirety and for such other and further relief to which it may be justly entitled.

[SIGNATURE BLOCK ON NEXT PAGE]

Respectfully submitted,

**ROBBIE MALONE, PLLC**

  /s/Robbie Malone_____
ROBBIE MALONE
State Bar No. 12876450
Email: rmalone@rmalonelaw.com
EUGENE XERXES MARTIN, IV
State Bar No. 24078928
Email: xmartin@rmalonelaw.com
DREW JONES
State Bar No. 24083269
Email: djones@rmalonelaw.com
ROBBIE MALONE, P.L.L.C.
Northpark Central, Suite 1850
8750 North Central Expressway
Dallas, Texas   75231
TEL: (214) 346-2630
FAX: (214) 346-2631

*COUNSEL FOR DEFENDANT*

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been forwarded via CM/RRR on this 2nd day of June, 2014 to:

David Mack
7720 McCallum Blvd. #2099
Dallas, Texas 75252
(972) 735-9642

/s/Drew Jones_____