**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

JUL - 9 2014

BY DAVID J. MALAND, CLERK
DEPUTY

| | | |
|---|---|---|
| **David E Mack** | § | |
| *Plaintiff,* | § | **Case No.  4:13-cv-615** |
| | § | |
| **vs** | § | |
| | § | |
| **IC SYSTEM, INC.** | § | |
| *Defendant.* | § | |
| | § | |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO**
**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

TO THE HONORABLE JUDGE OF THIS COURT:

The Plaintiff asks the Court to deny Defendant's motion for summary judgment and states the following:

## INTRODUCTION

1. Plaintiff is David E. Mack; Defendant is IC System, Inc.

2. On October 21, 2013 Plaintiff sued Defendant for violations of the FDCPA, 15 U.S.C. § 1692d and/or 1692d(6), § 1692c(a)(1) and the TCPA 47 U.S.C. § 227 *et seq.* (Doc. 1)

3. Defendant's registered agent was served with the summons and complaint on October 22, 2013.

4. Defendant filed its Answer to the complaint on November 7, 2013. (Doc. 4)

5. On June 2, 2014 Defendant filed a Motion for Summary Judgment. (Doc. 14)

6. Summary Judgment is improper in this case because there are genuine issues of material fact on each element of Plaintiff's causes of action for violations of the FDCPA and the TCPA.

## STATEMENT OF FACTS

7.  In the Defendant's motion for summary judgment the elements of each claim or defense as to

    which summary judgment is sought are:

      A. That Plaintiff's FDCPA claims fail as a matter of law.

      B. That Plaintiff's Telephone Consumer Protection Act claims do not survive summary

      judgment.

        1) I.C. System did not make any calls to Plaintiff.

        2) I.C. System's alleged calls do not give rise to a TCPA claim.

          a. I.C. System does not employ ATDS

          b. I.C. System did not use an artificial or prerecorded voice

          c. Plaintiff is not allowed to recover attorney's fees because he is *pro se*

8.  Plaintiff received calls from phone numbers 307-316-7521 and 202-870-5891 to his cell

    phone number 313-421-1887 on three different dates. (Doc. 1 at 8, 14, 17)  The first call

    received by the Plaintiff came from 307-316-7521 on July 25, 2013. *Id* at 8.  Said number has

    been identified as a number being used by IC System, Inc. in its collection operations by

    numerous persons who posted comments and complaints about calls received from that

    number on the website 800notes.com.

9.  Plaintiff called 307-316-7521 and heard a recording that identified the called party as IC

    System. (*See* Exhibit 1 ¶4).

10. Plaintiff sent a Notice of Intent to Litigate to IC System, Inc. dated September 3, 2013

    specifically stating that Plaintiff had received a call to his cell phone from IC System which

    was placed without his consent in violation of the TCPA and outlining violations of the

    FDCPA as well. PlainApp. at 58 Plaintiff received a response in the form of a notice dated

    September 7, 2013 that stated in part "Please accept this letter as confirmation your account

has been withdrawn from our files." The notice had Plaintiff's name and address on it and indicated it was regarding an AT&T Account No. 9722303328551 with a balance alleged to be due of $125.85. PlainApp. at 59

11. Plaintiff received a call from 202-870-5891 on September 13, 2013 at 7:59 AM, inadvertently stated as October 13, 2013 at 7:59 AM in Plaintiff's Complaint. (Doc. 1 at 14)

12. Plaintiff received a second call from 202-870-5891 on September 14, 2013 at 7:46 AM, inadvertently stated as October 14, 2013 at 7:59 AM in Plaintiff's Complaint. (Doc. 1 at 17)

13. 202-870-5891 has been identified as a number being used by IC System, Inc. in its collection operations by numerous persons who posted comments and complaints about calls received from that number on the website 800notes.com.  PlainApp. at 35-54

14. Plaintiff called 202-870-5891 and upon the call being answered heard a recording that identified the called party as IC System. (*See* Exhibit 1 ¶12).

15. At no time has Plaintiff given his express consent, written or otherwise, to IC System, Inc. or AT&T to call his wireless phone number 313-421-1887. (*See* Exhibit 1 ¶2)

16. The calls made to Plaintiff's Tracfone cell phone number from 202-870-5891 were made **AFTER** IC System, Inc. had been notified in writing that it did not have consent to call Plaintiff's cell phone and the Defendant stated in a notice to Plaintiff dated September 7, 2013 that the account had been withdrawn from their files. (*See* Exhibit 1 ¶13)

17. There was no party on the line when the Plaintiff answered any of the calls and no identification was made by the caller as to who was calling or the purpose of their call.

**STANDARD OF REVIEW**

18. Although summary judgment is proper in any case where there is no genuine issue of material fact, this is not a case in which the court should grant summary judgment. *See* Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552 (1986).

19. A defendant who seeks summary judgment on a plaintiff's cause of action must demonstrate the absence of a genuine issue of material fact by either (1) submitting summary judgment evidence that negates the existence of a material element of plaintiff's claim or (2) showing there is no evidence to support an essential element of plaintiff's claim. *J. Geils Band Employee Benefit Plan v. Smith Barney Shearson, Inc.*, 76 F3d 1245, 1251 (1st Cir. 1996); *see Celotex Corp.*, 477 U.S. at 322-23, 106 S.Ct. at 2552-53. Defendants cannot rely on conclusory statements to establish that plaintiff has not presented evidence on an essential element of his claim. Rather, defendant must demonstrate an absence of genuine factual dispute. *See Celotex Corp.* 477 U.S. at 327, 106 S.Ct. at 2555. Only if defendants meet their burden is plaintiff required to respond by summary judgment proof to show a genuine issue of material fact. Fed. R. Civ. P. 56(e).

20. In determining whether there is a disputed issue of material fact that precludes summary judgment, the court must consider all evidence in the light most favorable to plaintiff as the nonmovant. *Garcia v. Pueblo Country Club*, 229 F.3d 1233, 1236-37 (10th Cir. 2002).

**ARGUMENTS AND AUTHORITIES**

21. For the Defendant to successfully argue for summary judgment it must show that there are no material fact issues as to any elements of the Plaintiff's causes of action. Defendant has

made nothing more than conclusory statements regarding the causes of action brought by the Plaintiff and made false statements in the affidavit of Carol Labs in support of its motion for summary judgment. Summary judgment is premature prior to the end of discovery which does not end until July 31, 2014.

## Defendant Failed to Comply With Local Rule CV-56

22. In bringing its Motion for Summary Judgment Defendant fails to comply with LR CV-56 which **requires** (1) a statement of the issues to be decided by the court; and (2) a "Statement of Undisputed Material Facts." Defendant has failed to include either of the requirements in its Motion for Summary Judgment. Plaintiff asks the Court to strike Defendant's Motion for Summary Judgment from the record but in the alternative, Plaintiff will address the issues argued by the Defendant in its motion.

### *As to 15 U.S.C. § 1692d(5):*

23. Defendant's motion merely states **"Plaintiff's FDCPA Claims Fail as a Matter of Law"** and then goes on to state in paragraph 5 **"Although not specifically stated in his Complaint**, a fair reading of his pleadings would suggest that he is seeking to recover under 15 U.S.C. § 1692d(5) as well…….." and then expounds extensively in paragraphs 5 through 10 arguing a § 1692d(5) defense when it simply was NOT alleged in the complaint. (emphasis added) It would seem that the Defendant has a rather active imagination in that the Plaintiff NEVER made any claim under 15 U.S.C. § 1692d(5). No claim was made under that section of the FDCPA yet the Defendant tries to divert the Court's attention to a non-existent claim and makes voluminous arguments that there were not numerous calls alleged to have been made by the Defendant so there could be no liability under the FDCPA.

Defendant's actions are nothing more than another typical smoke and mirrors attempt to muddy the waters as to the REAL issues brought before the Court.

24. One of the primary arguments made by the Defendant is that it did not attempt to call or place calls to the Plaintiff's cell phone number 313-421-1887.  It states as a defense the statements in the affidavit of Carol Labs that its records show it did not make or attempt to make any calls to Plaintiff's cell phone. <u>Def. App. at 2</u>.  It describes this as "substantial evidence" to show that no phone calls were made to Plaintiff's cell phone.  It appears the Defendant believes it can prove what it wants to be a negative simply by saying "*we didn't do it*."  It also argues that Plaintiff has no legitimate evidence to support his claims and has provided no evidence of any calls made to his cell phone by the Defendant which are both patently false statements and are known to be so by the Defendant.

25. Plaintiff provided large clear color photos to the Defendant in discovery of the display of his Tracfone cell phone showing the specific call information for ALL THREE CALLS that Plaintiff received. Plaintiff can reasonably assume that Defendant is able to recognize the two numbers shown in the exceedingly clear and large color photos provided to it as being numbers that it uses in its collection operations along with the dates and times of the calls received by Plaintiff.  Defendant fails to even begin to make any explanation as to how those calls **may** have occurred other than to say "*we didn't do it*."  Maybe a good quality vision examination is needed by the Defendant.

26. Plaintiff also provided to Defendant a copy of the online receipt for the airtime and usage time that Plaintiff had put on his phone number less than two weeks before the first violative call occurred.  The receipt indicates the date that airtime and usage time were added to number 313-421-1887, showing the effective dates of the service paid for (which encompass

the dates of the calls at issue here) with the receipt even showing part of the Plaintiff's email address to tie the receipt directly to him. (*See* Exhibit 1 ¶1)  This does, in fact, document that Plaintiff was the subscriber and user of the phone number 313-421-1887 at the time of the alleged violations.

27. PLAINTIFF REMAINS IN POSSESSION OF HIS TRACFONE CELL PHONE WITH ALL OF THE CALL DETAIL INFORMATION RELATED TO THIS MATTER STILL CONTAINED IN ITS MEMORY. (*See* Exhibit 1¶17)

28. It should be obvious to the Court that there are issues of material fact as to whether the Defendant placed calls to the Plaintiff's cell phone and whether as a result there were violations of § 1692d(5) as argued by Defendant and therefore summary judgment is precluded.

### *As to 15 U.S.C. § 1692d and/or 1692d(6):*

29. The Plaintiff did, in fact, make a claim under § 1692d stating that the Defendant failed to identify itself when placing the calls to Plaintiff as required under that section of the FDCPA. § 1692d states in part "A debt collector may not engage in **any** conduct the **natural consequence of which** is to harass, oppress, or abuse any person in connection with the collection of a debt."  Defendant erroneously states in Doc. 14 ¶15 "Because Plaintiff does not claim that he answered the call…..does not, as a matter of law, violate the FDCPA." Plaintiff did, in fact, state that he answered two of the three calls only to find out that the caller had hung up prior to or at the time he answered. (*See* Doc. 1 ¶¶15, 18)

30. It is a common practice of IC System, Inc. to call debtors or alleged debtors and disconnect the calls made either before, at, or shortly after the call is answered as shown in postings on 800notes.com for both numbers from which calls were made to Plaintiff.  PlainApp. at 8-32,

35-54  Plaintiff is by no means the only one who has suffered the natural consequence of

annoyance and abuse caused by receiving a call when busy and the caller, in this case IC

System, Inc., hanging up when the call is answered.  In Foti v. NCO Fin. Sys. Inc., 424 F.

Supp. 2d. 643 (S.D.N.Y. 2006) the court based its decision in part on the concern that a more

narrow reading of the term "communication" would "create a significant loophole in the

FDCPA, allowing debtors to circumvent. . . provision of the FDCPA that have a threshold

'communication' requirement." *Id.* at 657.  To interpret the FDCPA as not covering calls

that are disconnected prior to or as soon as the receiving party picks up the phone would

permit debt collectors to escape liability by calling consumers however often they wish and

simply hanging up as soon as the consumer answers the phone.  "Such a reading is

inconsistent with Congress's intent to protect consumers from 'serious and widespread' debt

collection abuses." *Id.* at 657-658.

31. Plaintiff once again points to the postings on 800notes.com where NUMEROUS individuals

have posted comments and complaints about being subjected to the very kind of behavior

that the Plaintiff was subjected to by IC System, Inc. PlainApp. at 8-32, 35-54

32. It is a natural consequence of the kind of behavior exhibited by IC System, Inc. that a person

who receives multiple calls requiring their time and attention only to have the calling party

repeatedly disconnect the call at or near the time it is answered would feel harassed and

abused as the Plaintiff did.  Most people, including the Plaintiff, have better things to do in

their lives than to have to tolerate multiple phone calls where there is repeatedly no party

there when they answer as was the experience of the Plaintiff more than once.  To determine

that behavior is harassment or abuse ONLY if there are **many** incidences of that behavior is

to say that the FDCPA should be narrowly construed and the debt collection industry should

have free rein to abuse the public at will via telecommunications. That SURELY was not the intent of Congress in passing the legislation establishing the FDCPA and is at direct odds with much case law clearly identifying the FDCPA as a strict liability statute to protect consumers and non-consumers who deal with the debt collection industry in various circumstances such as the Plaintiff. *See Montgomery v. Huntington Bank & Silver Shadow Recovery, Inc., 346 F.3d 693 (6th Cir. 2003).* A non-debtor who was subjected to abusive collection tactics may not maintain an action for violations of § 1692c(c), since that section is limited to violations directed at a "consumer" as defined in the Act, but may maintain an action for violation of §§ 1692d and 1692e, which have no such limitation and therefore apply to anyone who is the victim of prescribed misconduct; *Keele v. Wexler, 149 F/3d 589. 594 (7th Cir. 1998).* "[T]he FDCPA is designed to protect consumers from the unscrupulous antics of debt collectors, irrespective of whether a valid debt actually exists"; *Ruth v. Triumph P'ships, 577 F.3d 790 (7th Cir. 2009).* The FDCPA is a strict liability statute, and debt collectors whose conduct falls short of its requirements are liable irrespective of their intentions; *Brown v. Card Serv. Ctr., 464 F.3d 450 (3rd Cir. 2006).* The FDCPA is a remedial statute to be broadly construed so as to effect its purpose; *Jacobson v. Healthcare Fin. Servs., Inc., 516 F.3d 85 (2nd Cir. 2008).* The "Act is primarily a consumer protection statute, and we have consistently interpreted the statute with that congressional object in mind"; *Johnson v. Riddle, 305 F.3d 1107 (10th Cir. 2002).* The FDCPA is a remedial statute to be liberally construed to accomplish its purposes; *Frey v. Gangwish, 970 F.2d 1516 (6th Cir. 1992).* The FDCPA is "an extraordinarily broad statute" and must be enforced "as Congress has written it."

33. Plaintiff has established through evidence including his sworn affidavit and authenticated evidence of calls received from the Defendant that there are genuine issues of material fact before the court as to violations of 15 U.S.C. § 1692d and § 1692d(6) and Defendant's Motion for Summary Judgment should be denied.

### As to 15 U.S.C. § 1692c(a)(1):

34. Defendant again argues that it did not contact or attempt to contact 313-421-1887 and as a result it "never 'communicated' with Plaintiff outside any unusual time or place known or which should have been known to be inconvenient to the consumer." It further states that "these screen shots provided to Defendant in discovery are inconclusive and fail to properly identify the originator of the call."

35. Plaintiff has established through his affidavit that he is the person who took the photos of the Tracfone display showing the three calls received by the Plaintiff and is also the person who received the calls on that phone. (*See* Plaintiff Exhibit 1 ¶17)  Plaintiff has also established that there were, in fact, two calls received from phone numbers known to be used by IC System, Inc. in its operations, 307-316-7521 and 202-870-5891, that occurred at an unusual and inconvenient time and prior to 8:00 AM local time in violation of § 1692c(a)(1). (*See* Plaintiff Exhibit 1 ¶¶ 8, 10)

36. 15 U.S.C. § 1692c(a)(1) states in part:

(a) **Communication with the consumer generally**
Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt—
(1) at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer. In the absence of knowledge of circumstances to the contrary, a debt collector shall assume that the convenient time for communicating with a consumer is after 8 o'clock antemeridian and before 9 o'clock postmeridian, local time at the consumer's location;

37. It should be obvious to the Court that Plaintiff has shown through verified evidence that he received at least 2 calls from numbers used by IC System, Inc. in its operations at an inconvenient time prior to 8:00 AM local time and therefore there is without question an issue of material fact regarding violation of 15 U.S.C. § 1692c(a)(1) before the Court and Defendant's Motion for Summary Judgment should be denied.

### *Telephone Consumer Protection Act Claim;*

38. Defendant again uses the well worn and thoroughly discredited statement that it did not place calls to the Plaintiff's cell phone as a defense.  As argued and shown through verified evidence Supra there is sufficient evidence before the Court that phone calls were, in fact, placed to Plaintiff's cell phone on 3 separate occasions from numbers known to be used by IC System, Inc. in its debt collection operations.  Plaintiff never gave the Defendant his consent, written or otherwise, to call his cell phone number 313-421-1887. (*See* Plaintiff Exhibit 1 ¶2)

39. Defendant states in the supporting affidavit of Carol Labs <u>Def. App at 2</u> ¶6  "I performed a search of our accounts.  There were no results found for David Mack or for the telephone number 313-421-1887."  How is it that Plaintiff received a notice from Defendant AFTER sending a Notice of Intent to Litigate stating in part: "Dear David Mack:  Please accept this letter as confirmation your account has been withdrawn from our files" indicating an alleged balance due to AT&T? (*See* Exhibit 1 ¶13)

40. How is it that the Defendant states in a sworn affidavit that there is no account for the Plaintiff yet plaintiff received, and has provided to the Court, a copy of a Notice from the Defendant stating in part his "account has been withdrawn from our files"?  Plaintiff has

provided verified evidence that he DID not and COULD not have owed any amount to

AT&T that the Defendant could attempt to collect.  (*See* Exhibit 1 ¶¶14, 15)

41. Defendant also states in its motion that it does not use an ATDS.  In stark contradiction to

that statement, Ryan Bacon, as Director of Strategy & Audit for IC System, Inc. provided a

sworn affidavit that was entered into evidence in the Sussman v. IC System, Inc. case (1:12-

CV-00181-ER-LMS (S.D.N.Y.)) as Document 21 on May 23, 2012 where in Para. 5

PlainApp. at 61 he states: "IC utilizes an Automatic Dialer System for the purpose of

attempting to contact debtors to discuss their account.  The system works as follows: the

residential telephone number of a debtor (such as plaintiff's) is entered into the system.

Thereafter, at periodic intervals of not less than 90 minutes, the system will automatically

dial the debtor's telephone number in the attempt to contact him.  If the debtor answers the

call and further assuming that an IC representative is available, the call will be routed

immediately to the representative to discuss the debt.  If there is no representative available

the call is routed in an outbound "hold queue" until a representative is available.  A message

is played advising the debtor to "please hold for the next available representative."  On the

other hand, if no one answers the telephone or, instead, if the call is transferred to a voice

mail, the automatic dialer will terminate the call without leaving a message." PlainApp. at

60-64

42. IC System has registered its Automatic Dialer Announcing Device equipment with the Public

Utility Commission of Texas since 2007 and a copy of the registration of that equipment is

shown at PlainApp. at 65

43. Plaintiff made no claim that an artificial or prerecorded voice was used in the calls made to

his cell phone.

### *Plaintiff Seeking Attorney's Fees:*

44. Plaintiff is not seeking to recover attorney's fees as a *pro se* litigant contrary to statements of the Defendant.  Plaintiff included the specific words "any attorney's fees" in his request for relief so that **should he choose to retain an attorney** to represent him in this action at some point in time that he was seeking attorney's fees accrued for work relating to the FDCPA portion of the action understanding there is no fee shifting provision in the TCPA and no fees could be recovered for work performed on TCPA matters.  Plaintiff only seeks to recover attorney's fees, should he choose to retain counsel for any part of this litigation regarding the FDCPA claims.  There is a genuine issue of material fact as to whether Plaintiff can recover attorney's fees if represented by counsel and therefore summary judgment should be denied.

### OBJECTIONS

45. The evidence submitted in support of Defendant's motion should not be considered by the Court because it is not properly authenticated, is hearsay, is untrustworthy and refers to facts not in evidence before the Court.  The Court should strike the following summary judgment proof:

a. Defendant relies on a defective and untrustworthy affidavit.

- Defendant provides and relies on the affidavit of Carol Labs with no documentation or substantiation annexed thereto in support of the statements made.

- The affidavit refers to facts not in evidence before the Court.

- The affidavit has not been sworn to under penalty of perjury and has not been authenticated before the Court and is hearsay.

- Statements made in the affidavit have been shown to be patently false making the entire affidavit untrustworthy.

## SUMMARY JUDGMENT EVIDENCE

46. In support of his response, Plaintiff includes the following evidence in the attached exhibit and attached appendix:

a. Plaintiff's Exhibit 1 - The affidavit of David E. Mack

- The affidavit of David E. Mack establishes that he did, in fact, have custody and control of the Tracfone cell phone that received the calls from numbers known to be used by IC System, Inc. in its debt collection operations.

- The affidavit and attached photos establishes the dates and times of the calls received by Plaintiff's cell phone number 313-421-1887.

- The affidavit establishes that the Plaintiff never gave his express consent in any form to IC System, Inc. to call his cell phone number 313-421-1887.

- The affidavit establishes that calls were placed before 8:00 AM local time to Plaintiff's cell phone from 202-870-5891 which is a number used by IC System, Inc. in its debt collection operations.

- The affidavit establishes that numerous other persons have posted comments and complaints on 800notes.com identifying 307-316-7521 and 202-870-5891 as numbers that are used by IC System, Inc. in their debt collection operations.

- The affidavit and attached document establishes that IC System, Inc. did, in fact, have an account with the name David Mack in contradiction to the statements made in the Carol Labs affidavit.

- The affidavit establishes that the Plaintiff currently has, and still maintains, telephone service with AT&T or its predecessor for 22 years and pays his bills monthly and no other amounts were due to AT&T.

- The affidavit establishes that the Plaintiff currently has, and has had at all times since it was purchased, custody and control of the Tracfone cell phone at issue.

- The affidavit establishes that the information regarding calls made to Plaintiff's cell phone is still secured in the memory of the Samsung Tracfone in Plaintiff's custody and control.

b. Plaintiff's Appendix of Documents 0001 – 0065.


## CONCLUSION

The Defendant has not met its burden to show that there are no material facts at issue for any element of the Plaintiff's Complaint.  In determining whether genuine issues of material fact exist, "factual controversies are construed in the light most favorable to the nonmovant, but only if both parties have introduced evidence showing that an actual controversy exists," Lynch Props., 140 F.3d. at 625.  The Defendant has proffered nothing more than a unsworn affidavit of alleged facts **proven** to be false and misleading.  There is no reliable evidence in any form that has been brought to the Court or made a part of the record to prove that the Defendant did not make the calls alleged in Plaintiff's Complaint.  The Defendant has made nothing more than conclusory statements in its defense.  "Summary judgment will not lie if the dispute about a material fact is "genuine," that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.  At the summary judgment stage, the trial judge's function is

not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial" *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986).

WHEREFORE, because the Defendant has failed to show there are no issues of material fact before the Court and the Plaintiff has shown there are substantial material issues the Plaintiff respectfully requests the Court DENY the Defendant's Motion for Summary Judgment, strike the Defendant's affidavit, and allow Plaintiff's claim to move forward to trial on the merits.

Respectfully Submitted,

David E Mack
7720 McCallum Blvd. # 2099
Dallas, Texas 75252
972-735-9642
mack2001@swbell.net

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the document above was sent to the parties listed below by first class mail USPS Return Receipt Requested # 7011 2000 0001 7989 3051.


ROBBIE MALONE, P.L.L.C.
Northpark Central, Suite 1850
8750 North Central Expressway
Dallas, Texas 75231

Dated July 9, 2014

David E Mack