**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| DAVID E. MACK, | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CAUSE NO. 4:13-CV-615 |
| | § | |
| I.C. SYSTEM, INC., | § | |
| Defendant. | § | |

## DEFENDANT I.C. SYSTEM, INC.'S REPLY TO PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

COMES NOW, Defendant I.C. System, Inc. ("I.C. System" or "Defendant" hereafter), by and through the undersigned counsel, files its Reply to Plaintiff's Memorandum in Opposition to Defendant's Motion for Summary Judgment and to respectfully show unto the Court as follows:

## I.

## BACKGROUND

1.      On July 9, 2014, Plaintiff filed his Memorandum in Opposition to Defendant's Motion For Summary Judgment ("Memo"). Doc. 17. In his Memo, Plaintiff raises several objections to the arguments made by I.C. System in its Motion for Summary Judgment; however, Plaintiff fails to support his objections with any new or admissible evidence. As such, Defendant believes its original Motion for Summary Judgment (Doc. 14) remains more than sufficient to merit summary judgment against Plaintiff's meritless claims, and incorporates that Motion herein in its entirety. In addition to its original Motion, I.C.System makes the following arguments against Plaintiff's objections, and moves that this Court grant its Motion for Summary Judgment.

## II.

## OBJECTIONS TO PLAINTIFF'S EXHIBITS

2.      Plaintiff attached several exhibits to his Memo in support of his arguments. The
following are Defendant's objections to these exhibits, which will be expounded upon further in
this Reply:

a.   Plaintiff's affidavit is improper because it refers to facts not found in evidence, and
     attempts to authenticate improper hearsay evidence. PlainApp. at 1-4.

b.   Plaintiff's screen shots are unreliable because they are not attributable to a specific phone
     or phone number, and as such cannot be used as evidence of any of the allegations
     Plaintiff is attempting to use them to prove. PlainApp. at 6-7, 33-34, 55-57.

c.   The printouts from 800notes.com are entirely inadmissible hearsay. The anonymous
     opinions of online commentors cannot be considered reliable evidence to be used in a
     court of law. PlainApp. at 8-32, 35-54.

d.   The affidavit of Ryan Bacon is inadmissible hearsay, and Plaintiff has presented no valid
     exception to the rule against hearsay that would apply to the affidavit. PlainApp. at 60-
     64.

e.   The ADAD Report from the Public Utility Commission of Texas is inadmissible hearsay,
     and Plaintiff has presented no valid exception to the rule against hearsay that would apply
     to the Report. PlainApp. at 65.

## III.

## ARGUMENT AND AUTHORITIES

### A.  Defendant Is In Full Compliance With Local Rule CV-56

3.      Plaintiff asks the Court to strike Defendant's Motion for Summary Judgment because Defendant failed to comply with Local Rule CV-56. <u>Doc.</u> 17 at 5. Specifically, Plaintiff alleges Defendant failed to include a statement of issues to be decided by the Court, and a statement of undisputed material facts. *Id.* However, Defendant's Motion clearly sets out the issues it is bringing before the court, and includes a fact section that articulates the facts of the case. <u>Doc.</u> 14. Local Rule CV-56 does not proscribe a specific format for advising the Court of the issues and facts of a motion for summary judgment; it only requires that all motions contain such information. Defendant is in full compliance with all Local Rules, and respectfully requests that this Court grant its Motion for Summary Judgment in its entirety.

### B.  15 U.S.C. § 1692d(5)

4.      Plaintiff objects to Defendant's argument against a claim under 15 U.S.C. § 1692d(5), saying that he never made such a claim, and that Defendant is only trying to distract the Court with ancillary discussion. <u>Doc.</u> 17 at 5. However, Defendant is merely trying to narrow down Plaintiff's argument to a recoverable claim so that it may properly defend against it. The FDCPA protects consumers from harassment and abuse by codifying what it considers harassing and abusive activities in §§ 1692d(1)-(6). While Plaintiff made a very vague and general claim under § 1692d as a whole, Defendant was merely inferring from context into which specific subsection of § 1692d Plaintiff's claim best fit so that a proper defense could be presented to the Court.

5.      Plaintiff takes issue with the evidence and supporting affidavit that Defendant produced in support of its Motion for Summary Judgment, calling it an attempt to simply say "we didn't do

it." <u>Doc.</u> 17 at 6. However, as will be discussed throughout this entire Reply, most all of Plaintiff's objections to Defendant's Motion, along with the issues that will be raised with his Memo, are easily sorted out with a quick review of the Federal Rules of Evidence.

6.      The Federal Rules of Civil Procedure plainly state the requirements of a motion for summary judgment. A party may provide support for a factual assertion made in a motion for summary judgment by citing many things including an affidavit or declaration. FRCP 56(c)(1)(A). An affidavit must be sworn, and a declaration must be verified as true, both under penalty of perjury. *Pfeil v. Rogers¸*757 F.2d 850, 859 (7th Cir. 1985); 28 U.S.C. §1746. For an affidavit or declaration to be valid summary judgment evidence, it must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated. FRCP 56(c)(4); DiStiso v. Cook, 691 F.3d 226, 230 (2d Cir. 2012). Defendant has provided evidence in the form of its own business records, authenticated by the Affidavit of Carol Labs, that I.C. System did not place any calls to 313-421-1887. <u>Doc.</u> 14 at 3-6.

7.      Carol Labs is the Legal Affairs Supervisor, and custodian of records kept at I.C. System, as noted in her affidavit attached to Defendant's Motion for Summary Judgment. In her capacity as such, Ms. Labs reviewed and authenticated the business records that Defendant kept in its ordinary course of business, and found that no calls were ever placed to 313-421-1887. *Id.* The Federal Rules of Evidence create an exception to the rule against hearsay for records of a regularly conducted activity. FRE 803(6). As it was the regular course of business for I.C. System to maintain records of all outgoing and incoming calls, the internal records produced and attached to Defendant's Motion for Summary Judgment are admissible into evidence. Once Ms. Labs reviewed the admissible evidence and swore to its authenticity in her affidavit, the records

became proper summary judgment evidence for this Court to consider in granting Defendant's Motion. This is not merely an attempt by Defendant to say "we didn't do it," this is the use of proper evidence to defend against a baseless claim.

8.      In contrast to the properly authenticated, admissible business record evidence Defendant submitted in support of its Motion, Plaintiff has produced exhibits that are feeble at best, and altogether inadmissible in some cases. First, Plaintiff has produced what he claims are screen shots from his cell phone that show calls from I.C. System to 313-421-1887. <u>PlainApp.</u> 6-7. Nothing about these screen shots, however, show the phone number of the phone they purport to represent, and certainly are not credible evidence of a call from Defendant to 313-421-1887, or any other number associated with Plaintiff. Aside from the screen shots, Plaintiff produces a copy of a receipt from TracFone for his airtime and usage fees for a cell phone associated with the number 313-421-1887. <u>PlainApp.</u> 5. The very most that this exhibit evidences it that Plaintiff indeed pays for a cell phone with the number 313-421-1887, a fact that Defendant has never contradicted. What it does not prove in the slightest, is that a call was ever placed from I.C. System to that same cell phone owned by Plaintiff. Without a valid business record, such as a monthly statement from TracFone with a call log similar to the one produced by Defendant, showing a call from I.C. System to Plaintiff, these exhibits are extremely attenuated and certainly are not evidence of a material issue of fact that could survive summary judgment.

9.      Plaintiff further states that "[d]efendant fails to even begin to make any explanation as to how those calls **may** have occurred other than to say '*we didn't do it.*'" <u>Doc.</u> 17 at 6. What Plaintiff fails to realize is that the burden is not on Defendant to prove Plaintiff's claims for him. Defendant's burden here is to prove that it committed no violation of any law, a burden it has more than satisfied.

<u>**DEFENDANT I.C. SYSTEM, INC.'S REPLY TO PLAINTIFF'S MEMORANDUM IN OPOSITION TO
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**</u>                                              **Page 5**

**C.  15 U.S.C. § 1692d and/or § 1692d(6)**

10.      Next, Plaintiff objects to Defendant's argument in defense of his § 1692d(6) claims. Defendant produced valid evidence, as discussed *supra*, that it never placed any calls to 313-421-1887. Axiomatically, there can be no failure to properly identify oneself on a collection call if no collection call is made. However, in the spirit of thoroughness, Defendant indulged the facts alleged by Plaintiff, and showed how there was no FDCPA violation, even if calls were placed exactly as Plaintiff claims. Doc. 14 at 6-7. Plaintiff claims that one of the three alleged calls was disconnected before he could answer it, and that two of the calls were picked up but that the caller had hung up prior to his answer. Doc. 1 at 4.

11.      As stated in Defendant's Motion for Summary Judgment, there is no requirement in the FDCPA for a message to be left after every call that gives meaningful disclosure of the caller's identity. Doc. 14 at 6-7. Further, there is nothing in the laws of physics, much less the FDCPA or court precedent that allows or requires a collector to disclose his identity when a call does not result in a connection with either a person or an answering machine on the other end.

12.      In an attempt to prove what he calls a "common practice" of I.C. System to call debtors and hang up before or shortly after the call is answered, Plaintiff produces 47 pages of what appears to be the open-forum comment section from the website 800notes.com. PlainApp. At 8-32, 35-54. In actuality, this is nothing more than 47 pages of inadmissible hearsay. The Federal Rules of Evidence prohibits the use of our-of-court statements that a party offers into evidence to prove the truth of the matter asserted in the statement. FRE 801. As also discussed *supra*, the Rules create several exemptions from the rule against hearsay, none of which, however, include an exemption for the unregulated and anonymous comment sections of public websites.

13.     The Rules of Evidence were created to provide clear guidelines and restrictions on what qualifies as reliable and relevant evidence that can properly be considered by a court of law in deciding the types of cases they are charged with overseeing on a daily basis. "The principal vice of hearsay is the inability of the opponent of the evidence to cross-examine the person who made the out-of-court statement (the 'declarant')." *U.S. v. Benitez-Avila*, 570 F.3d 364, 367-68 (1st Cir. 2009). Defendant wouldn't even know where to begin to combat the statements of hundred of anonymous people who happened upon a website at some point in time and decided to post a comment. The fact that Plaintiff swears in his affidavit to the source and authenticity of his online research does not take this exhibit out of the realm of inadmissible hearsay. PlainApp. 2.

14.     "[A]ny number of individuals-disgruntled current or former employees, competitors, computer hackers-could potentially alter the postings on a website. Thus…the court concludes they are insufficient to raise a disputed issue as to any material fact." *Jenkins v. NTE Aviation Ltd.*, No. 4:09-CV-117-A (N.D. Tex. 2010). See, e.g., *United States v. Jackson*, 208 F.3d 633 (7th Cir. 2000) (refusing to consider web postings due to being unfairly prejudicial, irrelevant, hearsay, and lacking evidence of authenticity); *St. Clair v. Johnny's Oyster & Shrimp. Inc.*, 76 F. Supp.2d 773, 775 (S.D. Tex. 1999) ("[A]ny evidence procured off the Internet is adequate for almost nothing, even under the most liberal interpretation of the hearsay exception rules."). Plaintiff's attempt to admit 274 pages of nameless, faceless conjecture is an affront to the Rules of Evidence, and not worth a second of this Court's consideration beyond the rejection of the exhibit in its entirety.

15.     Plaintiff goes on to cite some authority to support the position that the FDCPA is a strict liability statute. Doc. 17 at 9-10. The fact that the FDCPA can be considered a strict liability statute does not relieve the Plaintiff of his burden to prove a violation occurred in order to

recover under the statute. Defendant has produced admissible evidence that conclusively proves

no violation of the FDCPA occurred. Plaintiff has produced nothing contradictory that creates a

material issue of fact or law necessary to support his 15 U.S.C. § 1692d(6) claim; this Court

should grant I.C. System's Motion for Summary Judgment.

### D.  15 U.S.C. § 1692c(a)(1)

16.     In his fourth objection, Plaintiff again attempts to introduce more unauthenticated screen

shots from a cell phone as conclusive evidence that Defendant violated § 1692c(a)(1) by

communicating with Plaintiff at an inconvenient time. Doc. 17 at 10-11; PlainApp. 33-34. As

discussed *supra*, nothing about these exhibits shows that they are screen shots from the cell

phone associated with 313-421-1887. Again, without more evidence to objectively show that a

call originating from I.C. System was placed to the cell phone of the Plaintiff, this claim can go

no further. Plaintiff has failed to produce any evidence raising a material issue of fact or law in

his 15 U.S.C. § 1692c(a)(1) claim; this Court should grant I.C. System's Motion for Summary

Judgment.

### E.  Telephone Consumer Protection Act

17.     Next, Plaintiff attempts to introduce an affidavit from a 2012 case from the Southern

District of New York as evidence that Defendant has violated the TCPA in this case. Doc. 17 at

11-12. In the affidavit, Plaintiff claims that an employee of I.C. System admitted to Defendant's

use of an Automatic Dialer System in the regular course of business. *Id.* This, again, is

inadmissible hearsay, but more importantly, it is inconclusive to prove a violation in the present

case. Plaintiff offers no further evidence to prove that the system the affiant was referring to in

the 2012 case is the same system Plaintiff alleges was used in making calls in this case, or, for

that matter, and proof that Defendant has only one phone system at use in its operation. The affidavit is wholly irrelevant to the facts alleged in Plaintiff's claim.

18.     Plaintiff also submits a registration record from the Public Utility Commission of Texas as evidence that I.C. System uses an Automatic Dialer Announcing Device. What Plaintiff fails to do once again is produce any credible evidence that I.C. System placed any calls to him, much less that the device listed in the registration record was the same device that was used in making a call to 313-421-1887. Defendant again fully incorporates the argument from its Motion for Summary Judgment that no calls were ever placed to Plaintiff, and that I.C. System does not use an ATDS. Doc. 14 at 9-13. Plaintiff has failed to produce any evidence raising a material issue of fact or law in his TCPA claim; this Court should grant I.C. System's Motion for Summary Judgment.

### F.  Plaintiff's Attorney's Fees

19.     Plaintiff states in his Memo that he is not currently seeking recovery of attorney's fees as a *pro se* litigant, but rather he merely included attorney's fees in his damage claim in case he decided to retain an attorney at some point during the life of the case. Defendant is unaware of any precedent that calls for the pleading of "contingent damages" that are triggered by the occurrence of a future event that may or may not come to pass. As such, Plaintiff's claim for attorney's fees should not survive summary judgment, even in a reserve capacity.

## II.

## CONCLUSION

20.     Plaintiff's Memorandum in Response to Defendant's Motion for Summary Judgment fails to produce any new or admissible evidence that raises a material issue of fact or law in any of his claims. Defendant put forth credible, fully authenticated and admissible evidence in support of its Motion for Summary Judgment that conclusively showed it committed no violations of any statute as alleged by Plaintiff. Its own records show no calls made to Plaintiff, much less calls that violate any the FDCPA or TDCA.

21.     In response, Plaintiff produced inconclusive exhibits and inadmissible hearsay that brings him no closer to proving any of his claims against I.C. System. Isolated screen shots that are not attributable to any particular phone number, and the inadmissible cacophony of an internet message board are not the makings of a valid case. Plaintiff has no valid evidence of any violation on the part of I.C. System. This Court should grant Defendant's Motion for Summary Judgment.

         WHEREFORE PREMISES CONSIDERED, I.C. System, Inc. respectfully requests that the Court Grant its Motion for Summary Judgment in its entirety and for such other and further relief to which it may be justly entitled.


                              [SIGNATURE BLOCK ON NEXT PAGE]

Respectfully submitted,

**ROBBIE MALONE, PLLC**


  _/s/Robbie Malone_____
ROBBIE MALONE
State Bar No. 12876450
Email: rmalone@rmalonelaw.com
EUGENE XERXES MARTIN, IV
State Bar No. 24078928
Email: xmartin@rmalonelaw.com
ROBBIE MALONE, P.L.L.C.
Northpark Central, Suite 1850
8750 North Central Expressway
Dallas, Texas   75231
TEL: (214) 346-2630
FAX: (214) 346-2631

*COUNSEL FOR DEFENDANT*


## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been forwarded **via CM/RRR** on this 16th day of July, 2014 to:

David Mack
7720 McCallum Blvd. #2099
Dallas, Texas 75252
(972) 735-9642

  _/s/Robbie Malone_____